# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


JONATHAN ANTRON WILSON, #1174977,

                Petitioner,

v.                                                 ACTION NO. 2:12cv273

HAROLD W. CLARKE,
Director of the Virginia Department of Corrections,

                Respondent.


## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

Jonathan Antron Wilson is detained pursuant to a judgment entered by the Circuit Court for the City of Virginia Beach following his conditional *Alford* plea[1] to possession with intent to distribute cocaine and conspiracy. *Commonwealth of Va. v. Wilson*, Case No. CR07-3536 (Va. Cir. Ct. July 29, 2008); Pet. 1; ECF No. 1. Wilson was sentenced on October 20, 2008, to 15 years in prison with 11 years suspended.

Wilson filed a direct appeal to the Court of Appeals of Virginia, which denied his appeal

---

[1] Wilson's plea was both a conditional plea pursuant to Virginia Code § 19.1-254, and an *Alford* plea. Plea Hrg. Tr. 2, July 28, 2008. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

on May 7, 2009. *Wilson v. Commonwealth of Va.*, Record No. 2553-08-1 (Va. Ct. App. May 7, 2009). Wilson's appeal to the Supreme Court of Virginia was refused on February 18, 2010. *Wilson v. Commonwealth of Va.*, Record No. 091974 (Va. Feb. 18, 2010).

Wilson filed a timely petition for writ of habeas corpus with the Circuit Court for the City of Virginia Beach on February 14, 2011. *Wilson v. Clarke*, Case No. CL11-1070 (Va. Cir. Ct. Feb. 14, 2011). The petition contained one claim of "ineffective assistance of counsel," and stated, "see attached brief in support of this claim." *Id.* at 5. No brief was attached to the petition. On February 18, 2011, the circuit court entered an order stating, "[t]he court allows the petitioner, 30 days from the entry of this Order, to submit such brief; otherwise the petition shall stand as submitted." Wilson's 52-page brief and accompanying exhibits were filed with the circuit court twenty-one days later on March 11, 2011.

On May 31, 2011, the circuit court ruled that Wilson's state statute of limitations expired on February 18, 2011, and the court was not permitted to consider the facts, arguments, and claims presented for the first time in the memorandum filed outside the statute of limitations. *Wilson v. Clarke*, Case No. CL11-1070 (Va. Cir. Ct. May 31, 2011). Consequently, the circuit court dismissed the original petition consisting of one unsupported conclusory claim. *Id.* Wilson appealed the circuit court's ruling to the Supreme Court of Virginia, which refused the appeal on September 4, 2012. *Wilson v. Dir. Dept. of Corrections*, Record No. 111577 (Va. Sept. 4, 2012). The Supreme Court of Virginia also denied Wilson's petition for rehearing on January 4, 2012.

Wilson filed the instant federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court on May 11, 2012. ECF No. 1. Wilson asserts he is entitled to relief under 28 U.S.C. § 2254, because he was denied effective assistance of counsel due to his counsel's failure

2

to:

    1.    understand there was insufficient evidence to convict anyone for the transaction that took place at the first alleged crime scene, and despite this, enticing Wilson to plead guilty;

    2.    use to his advantage the fact that the police never intended to use the residence as probable cause;

    3.    understand how the two separate locations were intertwined and how they were different;

    4.    analyze the pictures of the "marked money;"

    5.    investigate whether the drugs confiscated from the confidential informant were sent to the lab;

    6.    understand the intent of law enforcement "in the USE of the residence to stage their real operation;"

    7.    challenge the memory of Detective Meador during the suppression hearing by using the transcript from the preliminary hearing;

    8.    recognize the nexus of probable cause between the two alleged crime scenes, the residence and the restaurant;

    9.    object to the certificate of analysis being presented as evidence with Wilson's name on it;

    10.    be persistent in questioning Detective Meador concerning the drugs recovered at the residence;

    11.    elicit from Detective Meador during the suppression hearing that no one was being charged for the transaction at the first alleged crime scene;

    12.    challenge the Commonwealth's version of events during the preliminary and suppression hearing, and failure to offer other scenarios;

    13.    discuss a plan of defense with Wilson;

    14.    believe Wilson that Wilson did not sell drugs to the

confidential informant or pass drugs to Jimmy;

15. appreciate the distinction between the two crime scenes so as to counsel Wilson that he should not plead guilty;

16. try to present a challengable defense; and

17. deal honestly with Wilson, since counseling Wilson to plead guilty protects counsel's self-serving interests while prejudicing Wilson.

Pet. Ex. 4, ECF No. 2-4.

Respondent filed a Rule 5 Answer and Motion to Dismiss on August 30, 2012. ECF Nos. 6 & 7. The Court granted Wilson an extension of time to respond, and Wilson's response was filed October 18, 2012. ECF No. 13. On April 15, 2013, the Court ordered Respondent to file a reply addressing the merits of the petition (ECF No. 14), and Respondents filed the reply on May 20, 2013. ECF No. 16. Wilson responded to the reply on June 25, 2013. ECF No. 20.

Wilson has requested an evidentiary hearing on the issues presented in his petition. Pet'r's Mem. 1, ECF No. 2. The Court DENIES the request, as purely legal issues are presented, and the Court may adequately resolve the issues as presented in the briefs. *See* Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, this matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion and Procedural Default**

In order for this Court to review the merits of Wilson's claims, each claim must be exhausted. *See* 28 U.S.C. § 2254(b) (2006). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993); *see also*, *Jones v. Sussex I State*

*Prison*, 591 F.3d 707, 712-13 (4th Cir. 2010). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (*citing Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Further, this Court can only address the merits of Wilson's claims if they were not procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also*, *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). A claim is also both procedurally defaulted and exhausted when a state court has not had the opportunity to review the claim and would now refuse review under an adequate and independent state procedural rule. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996) (holding a claim never properly presented to the state courts is both exhausted and procedurally barred). A state procedural rule is adequate if it is firmly established and regularly followed. *McNeil v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). It is independent if it does not depend on a federal constitutional ruling. *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Respondent asserts Wilson's petition is exhausted and procedurally defaulted, because he did not timely present his claims to the state courts, and would now be barred from doing so by Virginia Code §§ 8.01-654(A)(2) and 654(B)(2). Resp. Br. in Support of Mot. to Dismiss 2; ECF No. 8. Respondent cites one unreported Report and Recommendation from this court in support

5

of the assertion that the Supreme Court of Virginia cannot consider arguments contained in a supporting memorandum filed after the statute of limitations has expired. *Id.* at 3, citing *Pruden v. Johnson*, 2006 U.S. Dist. LEXIS 52473, at *10 (E.D. Va. July 17, 2006). In *Pruden* petitioner timely filed a state habeas petition with the Supreme Court of Virginia, but filed the memorandum in support after the statute of limitations had run. *Id.* The Supreme Court of Virginia held the memorandum was barred by the statute of limitations, and dismissed the petition as conclusory. *Id.* In the subsequent Report and Recommendation, this court held the state habeas petition was not properly filed. *Id.* However, there is no discussion in that case of an order, entered prior to the expiration of the statute of limitations, establishing a later deadline for filing the memorandum.

In this case, the Circuit Court of Virginia Beach entered an order on the day the statute of limitations would have expired, February 18, 2011, giving Wilson 30 additional days to file a memorandum in support of his petition. Although Wilson filed his memorandum within 21 days of the order, the circuit court ruled that it was barred pursuant to Virginia Code § 8.01-654.A.2. *Wilson v. Clarke*, Case No. CL11-1070 (Va. Cir. Ct. May 31, 2011). The court further explained that "[n]otwithstanding that petitioner sought leave from this Court to amend his petition, there is no exception to the statute of limitations for habeas actions in Virginia," citing *Hines v. Kuplinski*, 591 S.E.2d 692, 692-93 (Va. 2004) (holding "[t]he statute contains no exception allowing a petition to be filed after the expiration of these limitations periods" where petitioner incorrectly asserted he could not have discovered the basis for his claim during the limitations period). *Id.* The circuit court further ruled it was not permitted to consider the facts, arguments, and claims presented for the first time in the amendment filed outside the statute of

limitations, citing *Damion Pruden v. Warden of the Greensville Correctional Center*, Record No. 050663 (Va. S. Ct. Dec. 1, 2005). *Id.* Accordingly, the circuit court dismissed the original petition consisting of one unsupported conclusory claim, citing *Penn v. Smyth*, 49 S.E.2d 600, 601 (Va. 1948) (holding a habeas petition must allege facts, and opinions and conclusions will not suffice). *Id.* The Supreme Court of Virginia refused Wilson's appeal of this ruling. *Wilson v. Dir. Dept. of Corrections*, Record No. 111577 (Va. Sept. 4, 2012).

The cases cited by the Supreme Court of Virginia do not firmly establish a state procedural rule that precludes the Supreme Court of Virginia from considering a memorandum filed within the deadline established by the court, though filed outside of the statute of limitations. *See McNeil v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007).

In any event, the Court has determined the petition is without merit, and will address the petition on the merits rather than dismissing on the grounds of procedural default. *See Bacon v. Lee*, 225 F.3d 470, 477 (4th Cir. 2000) (holding the court may address the merits of a procedurally defaulted claim, if it ultimately finds the claim meritless).

## B. Merits

In a twelve page chart attached to his petition, Wilson alleges seventeen claims of ineffective assistance of counsel. Pet. Ex. 4, ECF No. 2-4. Wilson has also filed a memorandum of law in support of his petition (ECF No. 2), and attached to his memorandum the brief in support of his state habeas corpus petition. Pet. Ex. 3, ECF No. 2-3. Lastly, Wilson filed a response (ECF No. 13) to the motion to dismiss, and a response (ECF No. 20) to Respondent's reply to the petition on the merits. To summarize, Wilson alleges that his counsel was ineffective for failing to adequately defend Wilson at the preliminary and suppression hearings,

7

and ensure Wilson's *Alford* plea was knowingly and intelligently entered. The pervading theme of Wilson's petition is that his counsel gave Wilson bad advice when he advised Wilson to plead guilty, because (1) no one who participated in the events at the first alleged crime scene, the residence, were arrested or charged, and (2) there was insufficient evidence to convict him of a crime at the second alleged crime scene, the restaurant, because the police arrested the participants prior to any crime being committed, and there was no evidence on Wilson's person or in his vehicle to suggest he was engaging in criminal activity.

In order to be entitled to relief, Wilson must prove his ineffective assistance of counsel claims under the framework established by *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) ("We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel."). *Strickland* requires a review of counsel's performance, to determine 1) whether it fell below an objective standard of reasonableness and 2) whether Wilson suffered actual prejudice as a result. *Strickland*, 466 U.S. at 687-96. The "performance prong" of review under *Strickland* requires Wilson to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Wilson must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The "prejudice prong" requires Wilson to show that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Specifically, because Wilson entered a guilty plea, he must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

8

Wilson has failed to prove his counsel was ineffective under the standards of *Strickland* and *Hill*. The plea hearing transcript, stipulation of facts, and questionnaire demonstrate that Wilson entered his condition *Alford* plea of guilty freely and voluntarily. Plea Hr'g Tr., Record No. CR07-3536 (Va. Cir. July 28, 2008). The written Stipulation of Evidence entered at the time of Wilson's plea stated:

> This investigation began on 06-02-07 when CI #20, a confidential and reliable informant, made a controlled purchase of cocaine with documented city funds under my direction and control from a white male known as "Kenny." I monitored the conversation during the controlled buy. During the transaction, "Kenny" advised CI #20 that his supplier was on the way to bring the cocaine CI #20 was to purchase. CI #20 told "Kenny" that he would like to purchase a further quantity of cocaine. "Kenny" made a phone call to his supplier. "Kenny" advised CI #20 that he could get a further quantity, but his supplier would have to go get it after he left from the first transaction.
>
> After the controlled buy, surveillance units followed the black 2002 Lexus LS430 with Virginia temporary tags that brought "Kenny" and CI #20 the cocaine. Surveillance followed the Lexus to 101 South Independence Boulevard (T.K. Tripp's), Virginia Beach, Virginia. Surveillance units observed the Lexus pull into a parking spot on the side of the restaurant. The driver got out and the passenger exited the vehicle. The driver, John Wilson, walked over to another green Lexus LS400 that was already in the lot. The driver of that Lexus, Ronnie Williams, exited his vehicle. Williams and Wilson met at Williams' vehicle. Williams then leaned into his vehicle and appeared to retrieve an item and go back to where Wilson was standing.
>
> Surveillance units took all three subjects into custody. During a search of Williams' person, approximately three ounces of crack cocaine was recovered, along with a Virginia ID card . . . During a search of Wilson's person a quantity of United States currency was recovered, including the documented city funds used by CI#20 to purchase cocaine. . . .

Stipulation of Evid. 1, Record No. CR07-3536 (Va. Cir. July 28, 2008). During the plea hearing,

9

Wilson's counsel made a verbal addendum to the stipulation. Plea Hr'g Tr. 8. Counsel submitted that the original buy was with an individual named Jimmy, as opposed to Kenny. *Id.* Further, "[t]he police were not able to observe what occurred between Jimmy and the occupants of the Lexus. The black Lexus pulled up. Jimmy went to the car, came back and gave the informant alleged cocaine." *Id.* According to the stipulation, it appears the evidence was sufficient for a jury to find Wilson guilty of possession with intent to distribute cocaine and conspiracy.

The Guilty Plea Questionnaire, which reflects questions asked of Wilson in open court on July 28, 2008, indicate Wilson understood the elements of the crimes with which he was charged, understood the maximum sentence he could receive, had enough time to discuss any possible defenses with his counsel, was entering his plea freely and voluntarily, and had not been threatened, coerced or forced into pleading guilty. Guilty Plea Questionnaire, Record No. CR07-3536 (Va. Cir. July 28, 2008). In addition, the plea colloquy conducted by the Honorable Frederick B. Lowe shows that Wilson had a GED, understood his case, was satisfied with the services of his attorney, had enough time to discuss his representation, understood he was entering an *Alford* plea of guilty, and understood the rights he was giving up by doing so. Plea Hr'g Tr. 4-7, Record No. CR07-3536 (Va. Cir. July 28, 2008).

Since Wilson was represented by counsel, and entered his conditional *Alford* plea following the advice of counsel, the voluntariness of Wilson's plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56, *citing McMann v. Richardson,* 397 U.S. 759, 771 (1970). Further, "[w]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the

affirmative defense likely would have succeeded at trial." *Hill*, 474 U.S. at 59. Wilson's theories for why there was insufficient evidence to convict him, and consequently his counsel was ineffective in advising him to plead guilty, all fail. Wilson argues there was no evidence on his person at the time of his arrest to link him to criminal activity, despite the fact that he stipulated at his guilty plea that the marked money used the by the confidential informant to buy cocaine was recovered from his person at the time of his arrest. The stipulation establishes evidence sufficient for a jury to find Wilson guilty. Following a review of the record, the Court is persuaded that counsel, in advising Wilson to plead guilty, "was within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56. Consequently, this Court cannot find that Wilson has met his burden under *Strickland* of proving his counsel was ineffective.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Wilson's petition for a writ of habeas corpus be DENIED and DISMISSED and Respondent's motion to dismiss be GRANTED.

Wilson has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to

the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
July 16, 2013

# CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jonathan Antron Wilson, #1174977
St. Brides Correctional Center
701 Sanderson Road
Chesapeake, VA 23322

Steven A. Witmer, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                        Fernando Galindo, Clerk

                            By _____
                                 Deputy Clerk
                                 July   , 2013